Judith K. LUDWIG, Plaintiff,

v.

The EQUITABLE LIFE ASSURANCE SOCIETY OF THE U.S., Defendant.

No. CIV. A. 97–2139–GTV.

United States District Court, D. Kansas.

Sept. 4, 1997.

---

Aaron C. Johnson, David G. Summers, Kansas City, MO, for plaintiff.

J. Nick Badgerow, Karen Kessler Cain, Spencer, Fane, Britt & Browne, Overland Park, KS, for defendant.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This employment discrimination case is before the court upon defendant's motion to stay litigation pending arbitration of plaintiff's claims (Doc. 4).[1] For the reasons set forth below, defendant's motion is granted.

### I. Factual Background

On July 3, 1990, as a condition of her employment with defendant, plaintiff executed a Uniform Application for Security Industry Registration or Transfer ("Form U–4"). This form required the plaintiff to

> arbitrate any dispute, claim or controversy that may arise between me and my firm ... that is required to be arbitrated under the rules, constitutions or by-laws of the organizations indicated in Item 10 as may be amended from time to time.

(Def. Mot. to Stay Lit., Ex. 2 at 3.) In item 10 of this same form, plaintiff listed the National Association of Securities Dealers ("NASD") as the organization with which she was to register. Five years later, on September 11, 1995, plaintiff signed a second, identical Form U–4 pursuant to her employment as an Agency Operations Manager for defendant.

When defendant subsequently abolished plaintiff's position, plaintiff brought this action alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and pay discrimination in violation of the Equal Pay Act, 29 U.S.C. § 206(d). Defendant contends this action must be stayed inasmuch as the NASD code, in conjunction with the Federal Arbitration Act, mandates arbitration of plaintiff's claims.

### II. Discussion

■ Defendant predicates its motion on the Federal Arbitration Act, 9 U.S.C. §§ 1–

---

**1.** Plaintiff requests oral argument in her opposition to defendant's motion to stay litigation. Because the court finds that oral argument would not be of material assistance in the resolution of the motion, the request is denied. See D. Kan. R. 7.2.

16. Under section 4 of that Act, arbitration must be ordered if the court is "satisfied that the making of [an] agreement for arbitration or the failure to comply therewith is not in issue." *See id.* § 4. Plaintiff contends the arbitration agreement she signed is not valid because she entered into the agreement without knowledge that she was forgoing her right to sue in federal court.

There is no question that plaintiff's employment discrimination claims fall within the scope of the Form U–4's mandatory arbitration provision. If valid, that provision binds plaintiff and defendant to arbitrate any dispute, claim, or controversy arising between them. Furthermore, the Form U–4 incorporates relevant provisions of the NASD Code, which require arbitration of

> any dispute, claim, or controversy arising out of or in connection with the business of any member of the Association, or arising out of the employment or termination of employment of associated person(s) with any member.

(Def.'s Mot. to Stay Lit., Ex. 1 at 3.) [2] Each of plaintiff's claims arise out of her "employment or termination of employment" and, therefore, are encompassed by the NASD Code.

It is well-settled that federal discrimination claims may be subject to arbitration under the Federal Arbitration Act. *See Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 35, 111 S.Ct. 1647, 1656–57, 114 L.Ed.2d 26 (1991); *Armijo v. Prudential Ins. Co. of America,* 72 F.3d 793, 797 (10th Cir. 1995); *see also Durkin v. Cigna Property & Casualty Corp.,* 942 F.Supp. 481, 486–87 (D.Kan.1996). The only issue in the case at bar is whether plaintiff, by signing the Form U–4, knowingly agreed to forgo her right to sue in favor of arbitration.

▮▮▮ An employee can be required to arbitrate federal claims for employment dis-

crimination if she has contracted to do so. See *Gilmer,* 500 U.S. at 35, 111 S.Ct. at 1656–57. "[A]lthough the parties' intent controls regarding whether they agreed to arbitrate a particular dispute, determining their intent is a question of law for the court to decide." [3] *Armijo,* 72 F.3d at 797 (citing *Mitsubishi Motors v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 626, 105 S.Ct. 3346, 3353–54, 87 L.Ed.2d 444 (1985)). Plaintiff insists that she did not knowingly agree to arbitrate future employment disputes. She claims there was no mutual assent to arbitrate her claims and the parties' intent with regard to the Form U–4 arbitration clause is a disputed issue of material fact. The court does not agree. Plaintiff has advanced no evidence suggesting that she was coerced, misled, or pressured into signing the arbitration agreement. To the contrary, the evidence indicates that plaintiff had the opportunity to read the form and inquire about any ambiguities or confusing language on two occasions. Plaintiff, however, made no such inquiries and signed the forms directly below the numbered paragraphs containing the arbitration provision.

▮▮▮ Plaintiff also claims that the forms were confusing and ambiguous and that she was ignorant of the actual contents and meaning of both the Form U–4 and the referenced NASD Code. "Under normal circumstances, ignorance of the contents of a document will not release a signer from liability. Yet, this general rule is qualified by the principle that he who signs a document reasonably believing it is something quite different than it is cannot be bound to the terms of the document." *McNally Pittsburg, Inc. v. Intern. Ass'n of Bridge, Structural & Ornamental Iron Workers, AFL–CIO,* 812 F.2d 615, 621 (10th Cir.1987) (citations omitted). Plaintiff repeatedly claims she was ignorant as to the content and effect of the Form U–4, but has provided the court with

---

**2.** It should be noted that the preceding provision was added to the NASD Code in a 1993 amendment; therefore, it was not in existence when plaintiff first signed the Form U–4 on July, 3, 1990. This fact, however, has no effect on the court's decision. In *Armijo v. Prudential Ins. Co. of America,* 72 F.3d 793, 797 (10th Cir.1995), the Tenth Circuit upheld a similar Form U–4 arbitra-

tion agreement without reference to the 1993 amendment. Moreover, plaintiff signed the second Form U–4 and was terminated after the 1993 amendment went into effect.

**3.** Accordingly, plaintiff's request for a jury trial on this issue is denied.

no evidence that she reasonably believed the form was "something quite different" than it was.

The Form U–4 is a simple, four-page document that directs potential signers to read carefully its pertinent provisions. The arbitration provision is in plain language and is prominently placed under a large, offset, and capitalized heading: "THE APPLICANT MUST READ THE FOLLOWING VERY CAREFULLY." (Def. Mot. to Stay Lit., Ex. 2 at 3.) Beneath this heading are ten numbered paragraphs, paragraph five of which states:

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or any other person, that is required to be arbitrated under the rules, constitutions or by-laws of the organizations indicated in Item 10 as may be amended from time to time.

(Def. Mot. to Stay Lit., Ex. 2 at 3.) Plaintiff signed and dated the Form U–4 directly below the ten numbered paragraphs. Plaintiff also checked the box marked "NASD," the "Item 10" organization reference in paragraph five. The signature and corresponding check mark evinces plaintiff's understanding of and consent to comply the arbitration provisions of both paragraph five and the NASD Code in any claims she may bring against defendant. Plaintiff's ignorance of the effect of the arbitration provision, therefore, is not objectively reasonable.

 Plaintiff also claims she could not have knowingly agreed to arbitration because she did not receive a copy of the NASD Code when she signed the first Form U–4 in 1990. This argument fails as well. First, plaintiff has alleged only that she did not receive a copy of the NASD Code, not that she was denied a NASD Code. Second, the arbitration provision stated that plaintiff agreed "to arbitrate *any* dispute, claim or controversy that may arise between me and my firm." (Def. Mot. to Stay Lit., Ex. 2 at 3) (emphasis added). Defendant correctly observes that regardless of whether plaintiff received the NASD Code, the potential breadth of the arbitration provision immediately put her on notice that any and all employment disputes were subject to mandatory arbitration.

 Even if the court agreed with plaintiff that the Form U–4 and the NASD Code were confusing and ambiguous, arbitration is still mandated. This court "must interpret arbitration clauses liberally, and all doubts must be resolved in favor of arbitration." *Armijo*, 72 F.3d at 798. "[T]o acknowledge the ambiguity is to resolve the issue, because all ambiguities must be resolved in favor of arbitrability." *Id.*

The arbitration provision at question in this case is enforceable under the Federal Arbitration Act, 9 U.S.C. §§ 1–16. Accordingly, pursuant to section 3 of that Act, the court stays this lawsuit and orders the case submitted to arbitration.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion to stay litigation pending arbitration (Doc. 9) is granted.

**IT IS SO ORDERED.**